**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| VAN PAPADOPOULOS<br>2008 Baltimore Road, #E42<br>Rockville, Maryland 20851<br><br>      Plaintiff,<br><br>v.<br><br>EAGLEBANK, a Maryland Chartered<br>Commercial Bank<br>Resident Agent: CT Corporation<br>351 West Camden Street<br>Baltimore, Maryland 21201<br><br>    and<br><br>LISA PUNT, an Individual<br>12200 Tech Road, Suite 100[1]<br>Silver Spring, Maryland 20904<br><br>    and<br><br>MARK DEITZ, an Individual<br>6010 Executive Blvd., Suite 300<br>Rockville, Maryland 20852<br><br>    and<br><br>STACY TALBOTT, an Individual<br>77 S. Washington Street, #304<br>Rockville, Maryland 20850<br><br>    and<br><br>THE LAW OFFICE OF STACY B.<br>TALBOTT, LLC<br>Resident Agent: Thomas Talbott<br>77 S. Washington Street, #304<br>Rockville, Maryland 20850<br><br>      Defendants. | Civil Action No.: |

\* \* \* \* \* \* \* \* \* \* \*

---

[1] Ms. Punt's address has been updated (and to reflect the address at which she was served).

## **NOTICE OF REMOVAL**

Defendants EagleBank, Lisa Punt, and Mark Deitz, (collectively, the "EagleBank Defendants") by and through their undersigned counsel, pursuant to 28 U.S.C. § 1441, hereby remove the above-captioned action from the Circuit Court for Montgomery County, Maryland, to the United States District Court for the District of Maryland.

This removal is based upon the original jurisdiction of the Federal District Court pursuant to 28 U.S.C. § 1331, and the supplemental jurisdiction of the Federal District Court pursuant to 28 U.S.C. § 1367. In support of this Notice of Removal, the EagleBank Defendants respectfully allege as follows:

1. On or about June 30, 2017, Plaintiff filed a Complaint in the Circuit Court for Montgomery County, Maryland, Case No. 434042-V. Defendant EagleBank was served with a copy of the Summons and Complaint on July 3, 2017. This Notice of Removal has been filed within thirty (30) days after service on EagleBank. *See* 28 U.S.C. § 1446(b).

2. Defendant Mark Deitz was served with a copy of the Summons and Complaint on July 5, 2017. Defendant Lisa Punt was served with a copy of the Summons and Complaint on July 6, 2017. Defendants Stacy B. Talbott and The Law Office of Stacy B. Talbott, LLC (the "Talbott Defendants") were each served with a copy of the Summons and Complaint on or about July 10, 2017.

3. On July 26, 2017, undersigned counsel consulted with counsel for the Talbott Defendants and obtained their consent to removal. Consequently, all Defendants have consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

4. The Complaint alleges that the EagleBank Defendants wrongfully discharged Plaintiff in violation of the "federal Consumer Credit Protection Act, Title 15, Chapter 41,

Sections 1673, *et seq.*" (Compl. ¶ 21 and Count I);[2] and asserts a tortious interference with economic relations claim against the Talbott Defendants (Count II).

5. This Court has original federal question jurisdiction over Count I of the Complaint in this action under the provisions of 28 U.S.C. § 1331 because the claim arises under the Constitution, laws, or treaties of the United States, and the matter is removable pursuant to 28 U.S.C. § 1441(a). *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804 (1986).

6. Though Count I of the Complaint is captioned as a Maryland state law wrongful discharge claim, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In other words, "[r]egardless of the allegations of a state law claim, 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." *North Carolina v. Alcoa Power Generating,* 853 F.3d 140, 146 (4th Cir. 2017) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983)).

7. Plaintiff must establish three elements to prove his wrongful discharge claim: "'[1] the employee must be discharged, [2] *the basis for the employee's discharge must violate some clear mandate of public policy*, and [3] there must be a nexus between the employee's conduct and the employer's decision to fire the employee.'" *Yuan v. Johns Hopkins Univ.*, 452 Md. 436, 451 (2017) (citation omitted) (emphasis added). The sole source of public policy that Plaintiff identifies in his Complaint is the federal Consumer Credit Protection Act. *See* Compl. ¶¶ 21, 43-45. Therefore, an essential element of Plaintiff's claim involves the interpretation of this federal statute.

---

[2] The Consumer Credit Protection Act (CCPA) is properly cited as 15 U.S.C. §§ 1671 *et seq.*

8. The parties strongly dispute issues surrounding the interpretation of the CCPA that are potentially dispositive of Plaintiff's claim against the EagleBank Defendants, including:

(a) whether the CCPA authorizes private rights of action, such that a common-law wrongful discharge claim must be dismissed as unduly duplicative and violative of the balancing between the legislature and judiciary (*see, e.g., Makovi v. Sherwin-Williams Co.*, 316 Md. 603 (1989));

(b) whether the text of the CCPA even provides a sufficiently "clear mandate" to impose any obligations on the EagleBank Defendants;

(c) if so, whether the CCPA protects, as here, an employee who was subject to at least four distinct garnishments for at least three separate debts at the time of termination; and

(d) whether the CCPA authorizes individual liability against Defendants Lisa Punt and Mark Deitz.

Consequently, Plaintiff's claim against the EagleBank Defendants in Count I of the Complaint "turn[s] on [the] construction of federal law." *Alcoa Power Generating*, 853 F.3d at 146. In other words, the federal issue in this case is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (relying on *Grable & Sons*, 545 U.S. at 313-14).

9. The tortious interference claim raised in Count II of the Complaint is so closely related to the federal claims that they are part of the same case or controversy. Specifically, the conduct alleged against the Talbott Defendants in Count II similarly involves the dispute surrounding the parties' disparate interpretations of the CCPA. As a result, this Court has supplemental jurisdiction over Count II of the Complaint pursuant to 28 U.S.C. § 1367(a). *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 114 (4th Cir. 2001).

10. In accordance with 28 U.S.C. § 1441(a), removal to the United States District Court for the District of Maryland is proper as this is the federal district court for the district and division embracing the place where the above-described action is pending.

11. In accordance with 28 U.S.C. § 1446(a) and Local Rule 103.5(a), attached as Exhibit 1 are copies of all process, pleadings, documents and orders served upon all of the Defendants in this action and/or filed in the Circuit Court for Montgomery County, Maryland.

12. This Notice of Removal is served upon all parties and filed with the Clerk of the Circuit Court for Montgomery County, Maryland, contemporaneously with this filing. *See* Exhibit 2.

WHEREFORE, the EagleBank Defendants pray that the above-referenced action now pending in the Circuit Court for Montgomery County, Maryland, be removed therefrom in its entirety to this Court, as provided by law, and, pursuant to 28 U.S.C. § 1446(d), that the Circuit Court for Montgomery County, Maryland proceed no further unless and until the case is remanded.

Respectfully submitted,

Randi Klein Hyatt, #23524
Alexander P. Berg, #18821
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
Phone: (410) 727-4300
Fax: (410) 727-4391
rhyatt@kollmanlaw.com
aberg@kollmanlaw.com

Counsel for Defendants EagleBank,
Lisa Punt and Mark Deitz

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2017, a copy of the foregoing Notice of Removal was mailed first class, postage prepaid to Kara M. Maciel, Esquire, Conn Maciel Carey LLP, 5335 Wisconsin Avenue, N.W., Suite 660, Washington, D.C. 20015, counsel for Plaintiff; and to James E. Dickerman, Esquire, Eccleston and Wolf, Baltimore-Washington Law Center, 7240 Parkway Drive, 4th Floor, Hanover, Maryland 21076, counsel for Stacy Talbott and The Law Office of Stacy B. Talbott, LLC.

_____
Alexander P. Berg